IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Ralph Moore,            )<br>                              )<br>            Petitioner,   )<br>                              )<br>       v.                    )<br>                              )<br>Dora B. Schriro, et al.,      )<br>                              )<br>            Respondents.   ) | CIV 06-427 PCT JWS (VAM)<br><br>REPORT AND RECOMMENDATION |

TO THE HONORABLE JOHN W. SEDWICK, U.S. DISTRICT JUDGE.

Alan Ralph Moore ("petitioner") filed a pro se Petition for Writ of Habeas Corpus. Petitioner raises one ground for relief in the petition. (Doc. 1 at p. 5). Respondents filed an answer opposing the granting of habeas relief. (Doc. 7).

**BACKGROUND**

Petitioner was convicted in Yavapai County Superior Court of the crimes of sexual conduct with a minor and child molestation. He was sentenced to concurrent prison terms totaling 31 years (17 and 14-year terms, respectively) in November, 1994. (Doc. 1 at p. 1; Doc. 7, Exhibit B at pp. 1,4). Petitioner appealed his convictions to the Arizona Court of Appeals. Petitioner raised the following claims:

**I.** THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF OTHER BAD ACTS TO BE ADMITTED.

**II.** THE TRIAL COURT ERRED IN ITS INSTRUCTIONS TO THE

1  JURY CONCERNING EVIDENCE OF OTHER BAD ACTS.

2  **III.** THE TRIAL COURT ERRED IN IMPOSING TWO FELONY PENALTY ASSESSMENT[S] IN THIS CASE.

(Doc. 7, Exhibit A at p. 2).

In a memorandum decision issued on December 28, 1995, the court affirmed petitioner's convictions and sentences but reduced a felony assessment of $200 ordered by the trial court to $100. (Doc. 7, Exhibit B at p. 13).  The Arizona Supreme Court denied a petition for review without comment on September 17, 1996.  (<u>Id.</u> at Exhibit D).

On August 15, 1997, petitioner filed a Notice of Post-Conviction Relief pursuant to Ariz.R.Crim.P. 32.1 in the trial court.  (Doc. 7 at Exhibit E).  Petitioner filed the petition for Rule 32 relief on January 16, 1998.  (Id. at Exhibit F). Petitioner raised the following claims in his Rule 32:

> **I. PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL, TO DUE PROCESS AND EQUAL PROTECTION, AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL IN THAT THE SYSTEM FOR THE APPOINTMENT OF COUNSEL FOR INDIGENT CRIMINAL DEFENDANTS RESULTED IN THE APPOINTMENT OF COUNSEL UNQUALIFIED TO UNDERTAKE REPRESENTATION OF AN INDIGENT PERSON CHARGED WITH A SERIES OF OFFENSES IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS AND ART. 2, SUBSECTIONS 4, 13, 15 AND 24 OF THE ARIZONA CONSTITUTION ....**
>
> **II. PETITIONER WAS DENIED HIS RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, TO DUE PROCESS AND EQUAL PROTECTION DUE TO TRIAL COUNSEL'S CONFLICT OF INTEREST WHICH PREVENTED HIM FROM DEMANDING THE DEFENSE EXPERTS BE APPOINTED ....**
>
> **III. PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL, TO DUE [PROCESS] AND EQUAL PROTECTION, AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COURT-APPOINTED TRIAL COUNSEL FAILED TO RETAIN AND CONSULT WITH COMPETENT FORENSIC EXPERT WITNESSES, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS AND ART. 2, SUBSECTIONS 4, 13, 15, AND 24 OF THE ARIZONA**

1   **CONSTITUTION ....**
2   (Doc. 7, Exhibit F, Attachment A at pp. 1, 4 and 6).
3   The trial court denied the Rule 32 petition on June 18, 1998.
4   (Doc. 7 at Exhibit G).  Petitioner filed a timely petition for
5   review in the Arizona Court of Appeals but the court denied the
6   petition without comment on November 23, 1999.  (Id. at Exhibit
7   I).  On May 23, 2000, the Arizona Supreme Court also denied review
8   without comment.  (Id. at Exhibit K).
9   More than two years later, on July 10, 2002, petitioner filed
10  a second petition for Rule 32 relief in the trial court.  (Doc. 7
11  at Exhibit L).  In an accompanying brief, petitioner raised the
12  following claims:
13       **[I]. INEFFECTIVE ASSISTANCE OF RULE 32 COUNSEL**
14       **[II]. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**
15       **[III]. PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO**
16       **A 12-PERSON JURY TO DECIDE HIS FATE IN THIS CASE**
17       [**IV.**] **INADMISSIBLE USE OF UNCHARGED PRIORS**
18       **[V.] THERE W[ERE] NO PRIOR CONVICTION(S) IN THIS CASE**
19       **[VI.] THE STATE FAILED TO PROVE ANY PRIOR BAD ACTS**
20       **[VII.] THERE HAS BEEN A SIGNIFICANT CHANGE IN THE LAW**
21       **[APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000)]**
22       **[VIII]. REQUEST CLARIFICATION OF SENTENCE AND PAROLE**
23       **ELIGIBILITY**
24       **[IX.] APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE**
25  (Doc. 7, Exhibit L).
26  The trial court denied Rule 32 relief on July 7, 2003.  (Doc.
27  7 at Exhibit N).  The Arizona Court of Appeals denied review

1  without comment on August 19, 2004.  (<u>Id.</u> at Exhibit O).  The
2  Arizona Supreme Court denied review without comment on March 16,
3  2005.  (<u>Id.</u> at Exhibit P).
4      On February 9, 2006, petitioner filed a federal habeas
5  petition raising the following ground for relief:

> **GROUND I:** Due Process and Equal Protection of the Law; Fair Trial
>
> Petitioner was charged with Two crimes against a minor, arising out of the same event.  Both were sex crimes.  The State relied heavily on "prior bad acts" evidence, relating to events eight years previous to the charged crimes, when Petitioner was a minor.  Ostensibly, that evidence was introduced to show Petitioner's propensity to commit sexually aberrant acts, but in fact was introduced solely to inflame the minds of the jurors against Petitioner and make conviction of the charged crimes a forgone conclusion.  In fact, in response to Petitioner's Motion for New Trial in 1994, the State conceded that the prior bad acts evidence was essential to gaining a conviction in an otherwise difficult case, and that the court would have been reluctant to admit such evidence had there been available to the State other evidence to corroborate the allegations ....  The admissibility of such evidence was hotly contested prior to trial.  Once the Trial Court decided to admit the evidence Petitioner had to make the decision to not testify in his own behalf in order to avoid having the trial degenerate into a general assault and character assassination, based on actions he was alleged to have committed as a minor.  The Trial Court found that the prior bad acts evidence was relevant, but did not consider at all the prejudicial effect of the evidence, and whether with such evidence admitted if the Petitioner could still receive due process of law and a fair trial.

22  (Doc. 1 at p. 5).

### **DISCUSSION**

24      Respondents ask that the habeas petition be denied because
25  the claim presented is barred by the 1-year statute of limitations
26  found at 28 U.S.C. § 2244(d)(1).  (Doc. 7 at pp. 3-7).
27  Alternatively, they assert the claim raised in the petition has

been procedurally defaulted.  (Id. at p. 7 (n. 3)).

**A. Statute of Limitations**

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Calderon v. United States District Court for the Northern District of California ("Beeler")(en banc), 128 F.3d 1283 (9th Cir. 1997), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1).  The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and

5

1  that "delays of more than a decade did not necessarily bar a
2  prisoner from seeking relief." Beeler, 128 F.3d at 1286.

3       The Court noted, however, that the provisions of § 2244(d)
4  "dramatically changed this landscape" and a petitioner was now
5  "required to file his habeas petition within one year of the date
6  his process of direct review came to an end." Id. The Court,
7  following other circuits, also held that the period of limitations
8  "did not begin to run against any state prisoner prior to the
9  statute's date of enactment" of April 24, 1996. Beeler, 128 F.3d
10 at 1287. Thus, all federal habeas corpus claims concerning state
11 court judgments finalized prior to April 24, 1996, had to be filed
12 by April 23, 1997,[1] or they were barred by the statute of
13 limitations absent a showing the circumstances surrounding the
14 filing of the petition fell into one of the categories listed in §
15 2244(d)(1)(B)-(D).

16      The Beeler Court also held § 2244(d) established a customary
17 statute of limitations period "subject to equitable tolling." Id.
18 at 1288-89. The statute itself provided for tolling the
19 limitations period when a "properly filed application for State
20 post-conviction or other collateral relief with respect to the
21 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).
22 However, the Court cautioned that equitable tolling of the
23 limitations period "will not be available in most cases but will

---

[1] The Ninth Circuit has held that, pursuant to the counting provisions outlined in Fed.R.Civ.P. 6, the one-year limitations period for all habeas petitioners challenging convictions or sentences finalized prior to the April 24, 1996 effective date of the AEDPA is April 24, 1997. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

6

only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288-89 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (3rd Cir. 1997)).

**B. Application of Law to Facts of the Case**

Review of the record shows that petitioner raised the claim presented in his habeas petition in his direct appeal. (Doc. 7, Exhibit A at pp. 8-9). Proceedings in his direct appeal concluded on December 17, 1996, 90 days after the Arizona Supreme Court denied review and the time for filing a petition for writ of certiorari in the U.S. Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

The record reveals petitioner initiated his first Rule 32 on August 15, 1997. (Doc. 7 at Exhibit E). By then, eight months of untolled time had already elapsed. The filing of the Rule 32 tolled the limitations period and this period remained tolled until the Arizona Supreme Court denied review on May 23, 2000. (Doc. 7 at Exhibit K). However, after that, petitioner had nothing pending in state court for more than two years (he initiated a second Rule 32 proceeding on July 10, 2002). (Id. at Exhibit L). Petitioner did not file his habeas petition until February 9, 2006. (See Doc. 1).

Respondents contend that the limitations period expired on

7

August 25, 2000 (including the 271 days between December 17, 1996 and August 15, 1997 (when the first Rule 32 commenced) and an additional 84 days from May 23, 2000 (when the Arizona Supreme Court denied review in the first Rule 32)). In any event, in addition to the time noted by respondents, an additional period of 23 months of untolled time transpired before petitioner initiated his second Rule 32 on July 10, 2002. (Doc. 7 at Exhibit L). All told, nearly 3 years of untolled time elapsed before petitioner filed his federal habeas petition on February 9, 2006. The fact petitioner filed a second Rule 32 in July, 2002, does not save his already untimely habeas petition. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("we hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Petitioner has presented no credible basis for statutory or equitable tolling of the limitations period. His habeas claim is clearly barred by the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be denied as untimely.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment. The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within

which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 23rd day of May, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

9